UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT:  WESTERN DISTRICT OF NEW YORK

_____

ANDRE WISE,
      Plaintiff                                **COMPLAINT**

-vs-                                       Docket No.

CITY OF BUFFALO,
CITY OF BUFFALO POLICE COMMISSIONER
BYRON LOCKWOOD,
CITY OF BUFFALO POLICE OFFICER
PATRICK J. MCDONALD,
CITY OF BUFFALO POLICE OFFICER
SHAWN MCCABE, and
CITY OF BUFFALO LT.
JONATHAN PIETRZAK,

      Defendants.

_____

## Jury Demand

Trial by Jury on all issues is demanded.

## Preliminary Introduction

This action is brought by Plaintiff against the Defendants pursuant to 42 U.S.C. §1983 and 42 U.S.C §1988 as applicable to the fourth and fourteenth amendments of the United States Constitution, for the claims of unlawful detainment, illegal search, malicious prosecution, the unlawful deprivation of property, and a claim for municipal liability as to the unlawful search of Plaintiff Wise.

## Parties

1.     Plaintiff Andre Wise resides at 58 Schauf Avenue, Buffalo, New York 14211, located in Erie County and the State of New York.

2.     Upon information and belief, the City of Buffalo is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

3.     City of Buffalo E-District Police Officer Patrick J. McDonald is employed

by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

4.      City of Buffalo E-District Police Officer Shawn McCabe is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

5.      City of Buffalo E-District Police Lt. Jonathan Pietrzak is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

6.      City of Buffalo Police Commissioner Byron Lockwood is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

## **Jurisdiction**

7.      Plaintiff brings this action to recover damages for violations of the Fourth Amendment of the United States Constitution, codified at 42 U.S.C. §1983 an//////d as bestowed upon the states and its citizens through the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

8.      Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 and 1332 (federal question).

9.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §2202.

10.      Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1983.

11.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. Rule 54.

## **Venue**

12.      This action properly lies in the Western District of New York, pursuant to 28 U.S.C.§1343(3) because the claims arose in this judicial district and the Defendants reside in and/or do business in Erie County.

## **Factual Background**

13.     At approximately 1:12 am on June 17, 2018 Plaintiff was driving east on E. Delevan Street towards Northumberland Ave. in the City of Buffalo.

14.     Defendant Officers McDonald and McCabe were in a Buffalo Police patrol car heading west on E. Delavan.  Defendant McDonald was driving while Defendant McCabe was on the passenger side. After said Defendants passed Plaintiff's vehicle, Defendant McDonald made a U-turn and pulled over the Plaintiff.  Defendant McDonald advised Plaintiff that he was being pulled over for failure to signal 100 feet from where he was turning.  Defendant McCabe approached the passenger side of Plaintiff's vehicle and drew his service weapon. Plaintiff had signaled and was abiding by all proper vehicle and traffic laws, save for the fact that his license had expired. This was not a fact that could have been known to the Defendants at the time of the stop, and as such, said stop was illegal and without the requisite reasonable suspicion to authorize such a stop.

15.     Defendant McCabe removed Plaintiff from his vehicle.

16.     Defendant McDonald and McCabe then performed an unlawful pat down search of the Plaintiff.

17.     Defendant McCabe then seized Plaintiff's two cell phones and began to search Plaintiff's vehicle without consent or probable cause.

18.     During the search of Plaintiff's vehicle, Defendant McCabe located an opaque closed lunchbox.  Again, Defendant McCabe did not have consent or probable cause to open the lunchbox, yet he did so anyway.

19.     Inside the lunchbox, Defendant McCabe found marijuana.

20.     Plaintiff was then arrested for Criminal Possession of Marijuana and minor vehicle and traffic violations.

21.     During the booking process, Plaintiff's two cell phones were confiscated as were his keys and other items. Plaintiff also had $2,500 cash on him; however, when inventorying the Plaintiff's belongings, Defendant McCabe only entered the cash value as $1,017 in the paperwork.  Plaintiff's car was also impounded.

22.     Upon his release, Plaintiff's cell phones, keys and cash were not returned to him.

23.     Plaintiff was locked out of his house and did not have any means to pay for a

locksmith as his belongings were not returned to him upon his release.

24.     Plaintiff requested a Civilian Complaint form from Defendant Pietrzak, who refused the request.

25.     Defendant Pietrzak then told Plaintiff that his keys would be placed in his mailbox, which happened some five days later.

26.     The Criminal Possession of Marijuana charge against Plaintiff was dismissed due to the suppression of the evidence, which was seized pursuant to an unlawful search, as determined by the Honorable Buffalo City Court Judge Amy Martoche on October 22 2018. Said search was executed in due to the lack of probable cause for Defendants McDonald and McCabe to search the Plaintiff's vehicle. Based on the lack of probable cause to sustain a conviction based upon the unlawful police conduct surrounding the arrest, any prosecution of Plaintiff was without probable cause and malicious in nature.

27.     The search was executed by the Defendants as an illegal inventory search, which ran afoul of the Buffalo Police Department's own policies and procedures as set forth in their Manual of Operations, in violation of settled state law, and in violation of Plaintiff's Fourth Amendment Right to be free from unlawful searches and seizures by those acting under the color of law.

### First Cause of Action for Violation of the Fourth Amendment as per 42 U.S.C. §1983 for the unlawful detainment of Plaintiff by Defendants City of Buffalo Police Officers Patrick J. McDonald and Shawn McCabe

28.     Plaintiff repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

29.     To maintain a claim for false imprisonment a plaintiff must establish: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement, and; (4) the confinement was not otherwise privileged. See Bernard v. United States, 25 F. 3d 98, 102 (2d Cir. 1994).

30.     Defendant Officers first intended to confine the Plaintiffs as evinced by said Defendant Officers pulling over the Plaintiff without any legal basis to do so. They then ordered Plaintiff to exit his vehicle as the Defendant Officers', without consent or probable cause, searched his vehicle and the contents thereof.

31.     While said vehicle was not registered to him, Plaintiff was an authorized user of said vehicle and frequently drove such vehicle.

32.     As such, he has standing to challenge the search of said vehicle, as was determined by the Court as indicated above.

33.     Defendant McCabe pulled his gun upon said Defendant, despite this merely being an unauthorized and thereby improper vehicle and traffic stop.

34.     Said Defendants then engaged in an unlawful pat down search of the Plaintiff, despite merely suspecting him of committing traffic violations.

35.     Defendants continued to confine Plaintiff, by arresting him and incarcerating him without the requisite probable cause to do so.

36.     Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. §1988.

**Second cause of action for violation of the Fourth Amendment as per
42 U.S.C. §1983 for the illegal search of Plaintiff and his vehicle by Defendants
City of Buffalo Police Officers Patrick J. McDonald and Shawn McCabe**

37.     Plaintiff repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

38.     The Fourth Amendment of the United States Constitution protects the citizenry for unreasonable searches.  "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." Katz v United States, 389 US 347, 357 (1967).

39.     In the case at bar, the Plaintiff was subjected to a warrantless search of his vehicle (or vehicle he has a possessory interest in) and person after he was detained by the Officer Defendants.   Plaintiff did not willingly consent to any such search and the circumstances did not allow the Officer Defendants to seek Plaintiff's consent to search his vehicle.  Such search was objectively unreasonable and unlawful in nature.

40.     Plaintiff's vehicle was subject to an unauthorized and unlawful inventory search, and he was unlawfully frisked by said Defendants.

41.     Plaintiff's vehicle should not have been impounded pursuant to the Buffalo Police Department's own policies and procedures and pursuant to established state law, as well as the Fourth Amendment of the U.S. Constitution.

**Third cause of action against Defendants City of Buffalo Police Officers
Patrick J. McDonald, Shawn McCabe and Lt. Jonathan Pietrzak for the
violation of Plaintiff's Fourth Amendment right in the form of the
unlawful deprivation of his property**

42.    Plaintiff repeats and reiterates each and every foregoing allegation of this
Complaint with full force and effect as if set forth at length in this cause of action.

43.    Defendant Officers searched Plaintiff and removed $2,500 in cash and his
keys.  Plaintiff attempted to record the activities and civil rights deprivations being
committed by the Defendant Officers.  Defendant Officers then took the two cell phones
from Plaintiff.

44.    The Defendant Officers delayed the return of his keys and cell phones, and
what is more, said Defendants took about $1,400 from Plaintiff that they did not claim or
return to him at any point. In short, the logical inference is that said Defendants pocketed
the Plaintiff's money.

**Fourth Cause of Action for Violation of the Fourth Amendment as per
42 U.S.C. §1983 for Malicious Prosecution Against Defendants City of
Buffalo Police Officers Patrick J. McDonald, Shawn McCabe and
Lt. Jonathan Pietrzak**

45.    Plaintiff repeats and reiterates each and every foregoing allegation of this
complaint with full force and effect as if set forth at length in this cause of action.

46.    To prevail on a § 1983 claim for malicious prosecution, a Plaintiff must
plead (1) the initiation or continuation of a criminal proceeding; (2) termination of the
proceeding in his favor; (3) lack of probable cause for commencing the proceeding; and (4)
actual malice as a motivation for the Defendants' actions." Murphy v. Lynn, 118 F.3d 938,
947 (2d Cir. 1997).

47.    Plaintiff can show all of the above elements existed in relation to him being
prosecuted for the offense of Criminal Possession of Marijuana.

48.    On June 17, 2018, Defendant Officers arrested Plaintiff for and subsequently
charged Plaintiff with Criminal Possession of Marijuana.

49.    That charge would ultimately be dismissed due to the unlawful search of
Plaintiff's vehicle.

50.     As detailed above, the Defendant Officers lacked probable cause to initiate the above-referenced proceedings and institute charges against the Plaintiff, as well as continue with these charges until they were dismissed on the merits by the Honorable Buffalo City Court Judge Amy Martoche.

51.     As the lack of probable cause to initiate these proceedings has been sufficiently pled, there is no need to independently plead malice. Malice can be inferred from the lack of probable cause. Cruz v. City of New York, No. 08 Civ. 8640 (LAP), 2010 WL 3020602, at *6 (S.D.N.Y. July 27, 2010); Bleiwas v. City of New York, No. 15 CIV. 10046 (ER), 2017 WL 3524679, at *6 (S.D.N.Y. Aug. 15, 2017).

52.     The Defendant Officer's actions deprived Plaintiff of his due process rights and his right to be free from unreasonable restraint upon his liberty under the Fourth and Fourteenth Amendments.

53.     Plaintiff received favorable terminations on the criminal charge lodged against him based on the lack of merit to said charges.

**Fifth Cause of Action for violation of the Plaintiff's Fourth Amendment Right to be protected against illegal searches of his person as per 42 U.S.C §1983 per _Monell v. Department of Social Services_, 436 U.S. 658 (1978) against Defendant Byron Lockwood and the City of Buffalo**

54.     Plaintiff repeats and reiterates each and every foregoing allegation of this Amended Complaint with full force and effect as if set forth at length in this cause of action.

55.     To establish a municipal liability claim, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 140 (2d Cir. 2010) (quoting Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights

of the plaintiff and others encountering those subordinates [emphasis added]. <u>Iacovangelo v. Corr. Med. Care</u>, Inc., 624 F. App'x 10, 13-14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); Jones v. Town of E. Haven, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).). Relating to widespread and pervasive practices and using logical inferences to impute knowledge onto policymakers, circumstantial evidence can be sufficient to support an inference that . . . a municipal policy or custom exists." <u>Santos v. New York City</u>, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (citing <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (2d Cir. 1993)).

56.     Defendants The City of Buffalo and City of Buffalo Police Commissioner Byron C. Lockwood are liable for an illegal search conducted against the Plaintiff, and all resultant damages, under the Monell Doctrine.

57.     In this instance, unlawful pat-down searches without the requisite reasonable suspicion that an individual is armed are a pattern or practice of the City of Buffalo Police Department and the City of Buffalo.

58.     In New York, it is established that pat down or protective searches are only reasonable when an Officer can reasonably suspect that a suspect is armed and therefore poses a risk to officer safety. <u>People v. Solivan</u>, 156 A.D. 3d 1434 (Fourth Dept., 2017).

59.     Yet, in this instance and in a persistent pattern or practice that apparently is taught in the academy,  pat downs are conducted at ANY level of a Buffalo police investigation…for any offense… including a mere traffic stop. In this instance, at a suppression hearing held on September 18, 2018, Defendant McDonald admitted that he and Defendant McCabe conducted a pat down search of the Plaintiff "for Officer safety," despite merely suspecting said Plaintiff of simple vehicle and traffic law infractions.

60.     This was not an anomaly… unlawful pat down searches are conducted during vehicle and traffic stops as a matter of policy and procedure by the Buffalo Police Department and are in fact endorsed by City of Buffalo Police Commissioner Byron Lockwood.

61.     On March 25, 2019, at or around Weber Avenue and East Delevan

Avenue, Buffalo Police Officer Calvis McKnight groped Sergio Brooks and damaged his testicles while conducting a pat down search during a routine traffic stop that didn't even lead to any traffic summonses being issued.

62.     Brooks subsequently filed an internal affairs complaint as a result thereof.

63.     During the investigation, McKnight admitted to conducting pat downs at any level of an investigation, including a mere traffic stop.

64.     The City of Buffalo Police Department's Internal Affairs investigation of McKnight, and Defendant Lockwood's finding that McKnight acted appropriately, and that McKnight used justified force upon Plaintiff, shows a tacit endorsement, at the very least, of the policymakers for pervasive, unlawful, and invasive pat down searches, aka stop and frisk, even during routine traffic stops.

65.     As such, said municipal Defendants endorse the Officers' practice of *always* executing protective frisks during stops, regardless of whether the legal standard to justify such an intrusion is met.

66.     Such unofficial practice as endorsed by Defendant Lockwood was the driving force behind the Constitutional deprivation as suffered by Plaintiff Wise.

67.     The above-referenced Brooks investigation, and the results thereof, establish that: The City of Buffalo and Defendant Lockwood, in his capacity as the Commissioner of the Buffalo Police Department, either instructed McKnight in the Brooks case, as well as McDonald in this matter and all other Buffalo Police Department police officers, to conduct blanket pat down searches of any individuals they stopped for alleged traffic offenses. Or, at the very least,  the City and its' policymakers exhibit "deliberate indifference" to this unlawful conduct, as evinced by their tacit endorsement of such practice, and that such approval from the policy makers was the driving force of the violation of Plaintiff's Fourth Amendment rights to be free from unlawful searches on the day in question.

68.     The unconstitutional pat-down search of Plaintiff occurred as a result of the City of Buffalo Police's Departments policy of condoning blanket pat-down searches of individuals detained in traffic stops, under all circumstances. Buffalo City Police Commissioner Lockwood authorized this policy or, at the very least, exhibited "deliberate indifference" to the constitutional violation of Plaintiff's Fourth Amendment rights,

caused by this policy. As such, both the City of Buffalo and Police Commissioner Lockwood are liable for the unlawful search of the Plaintiff, based on the Monell Doctrine. *Franks v. City of New York,* 2015 U.S. Lexis 72563 (EDNY 2015); *Smith v. City of New York,* 290 F. Supp. 2d 317, 321 (EDNY 2003); *Monell v. Dept. of Soc. Svc.,* 436 U.S. 658 (1978).

WHEREFORE, Plaintiff Andre Wise demands judgment on the above counts against the Defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

  a. Compensatory damages in favor of the Plaintiff in an amount to be determined by a jury;
  b. Exemplary damages in favor of the Plaintiff;
  c. Costs of this action, including reasonable attorney fees to the Plaintiff pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and,
  d. Such other relief as the court may deem appropriate.

Dated: June 16, 2021
       Darien Center, New York

*/s/ Fares A. Rumi, Esq.*
The Phoenix Law Group PLLC
Attorneys for Plaintiff
2166 Church Rd.
Darien Center, New York 14040
(585) 813-8635
farumi.phoenixlaw@gmail.com